In the ESTATE OF Joseph P. KIEFER, William P. Kiefer, Administrator, Respondent,

v.

Francis B. GEGG, Appellant.

No. 42966.

Missouri Court of Appeals, Eastern District, Division Three.

Aug. 11, 1981.

---

■■■■■■■■■■■■■■■■

Raymond R. Roberts, Terry R. Rottler, Farmington, for appellant.

Herbert A. Kasten, Jr., Ste. Genevieve, for respondent.

CRIST, Presiding Judge.

Appeal from an order of the Probate Division of the Circuit Court of Ste. Genevieve County, Missouri denying a petition to set aside an order approving the lease of farm real property belonging to an estate. We affirm.

Appellant (former tenant) had farmed Joseph P. Kiefer's (decedent) farm land from on or about 1947 to 1978 on an oral, year to year tenancy within the meaning of § 441.-050, RSMo. 1978. As a year to year tenant of farm land, former tenant was entitled to sixty (60) days notice of termination of his lease prior to the 1979 farming season. Decedent gave no such sixty (60) day notice, and former tenant farmed the land as a year to year tenant for the 1979 farm season. This landlord-tenant relationship, however, was cut short by the untimely death of decedent on May 1, 1979.

William F. Kiefer (administrator) was appointed administrator of the estate of decedent on May 16, 1979. Former tenant continued to farm the land throughout the 1979 farm season in accordance with the year to year tenancy established with decedent prior to his death. Former tenant now contends he was entitled to farm the land in 1980 because the administrator failed to give him a sixty (60) day notice of termination under § 441.050. We do not agree.

■ Former tenant farmed the land in 1979 under the year to year tenancy established with decedent. No such relationship was established with administrator. The administrator took the land subject to existing tenancies, but the year to year tenancy with former tenant ended with the 1979 farming season. Administrator could, and did, rent the land to another person in accordance with an order of the probate court. Section 473.493, RSMo. 1978.

■ Former tenant had actual notice of the administrator of decedent's estate and, as a result, his rights as a tenant ended at the close of the 1979 farm season. The mere holding over by former tenant, standing alone, did not create a new tenancy in 1980. Former tenant was not, therefore, entitled, by mere holding over, to sixty (60) days written notice of termination under § 441.050, RSMo. 1978. *See, Cusamano v. Outdoors Today, Inc.,* 608 S.W.2d 136, 139–40 (Mo.App.1980) and *Millhouse v. Drainage District No. 48 of Dunklin County,* 304 S.W.2d 54, 59 (Mo.App.1957).

Former tenant's other contentions are rendered moot by the above decision. Additionally, such other contentions have no merit.

Judgment affirmed.

REINHARD and SNYDER, JJ., concur.